**Tammie Kay LEE, Appellant**

v.

**William A. BOOTHE, M.D., d/b/a Boothe Eye Care and Laser Center, Appellee.**

No. 05–06–00776–CV.

Court of Appeals of Texas, Dallas.

Oct. 3, 2007.

Mark M. Donheiser, Mathis & Donheiser, P.C., Dallas, for Appellant.

Heather R Johnson, John A. Scully, Diana L. Faust, Eric W. Hines, and R. Brent Cooper, Cooper & Scully, P.C., for Appellee.

Before Justices MORRIS, FRANCIS, MAZZANT.

**OPINION**

Opinion by Justice MORRIS.

The trial court below dismissed appellant Tammie Kay Lee's claims because she failed to file an expert report as required by chapter 74 of the Texas Civil Practice and Remedies Code. Lee contends the trial court erred in dismissing her claims because they were not health care liability

claims and, therefore, not subject to the expert report requirement of chapter 74. After reviewing the record, we conclude the trial court properly dismissed Lee's claims. We affirm the trial court's judgment.

## I.

Tammie Kay Lee engaged the services of William A. Boothe, M.D. d/b/a Boothe Eye Care and Laser Center to have the Interlasik procedure performed on both of her eyes. According to Lee's petition, she had heard Boothe's advertisements describing his services as "virtually pain free" and promising the procedure was "absolutely free" if the patient's vision was not corrected to 20/20. Lee stated that, based upon these representations, she decided to have the operation performed by Boothe.

Lee alleges that when she was in Boothe's office to undergo the operation, she was rushed through the pre-operative procedures and not given the proper topical anesthetic on her eyes. Lee further alleges that Boothe was upset when he performed the procedure on her because of a mistake made involving an earlier patient. According to Lee, Boothe was "out of control" when he approached her and "yanked her right eye open and slammed the clamp on it, causing intense pain and bruising." When Lee screamed in pain, Boothe threatened to stop the procedure without completing it. Lee states she was afraid to leave the procedure partially performed. When Boothe continued with her other eye he again allegedly used excessive force to open the eye and "slammed" the clamp into place. Lee asserts she was in pain for up to three weeks after the procedure and the operation did not correct her vision to 20/20. Lee informed Boothe's office of her dissatisfaction with the procedure. Boothe's of-

fice manager acknowledged the 20/20 guarantee and agreed over the phone to give Lee her money back. Lee alleges, however, that instead of refunding her money, Boothe sent her a form to release all claims against him.

Lee brought this suit alleging claims for breach of contract, violations of the Texas Deceptive Trade Practices Act, assault, and fraud. Approximately five months after Lee filed her original petition, Boothe moved to have her claims dismissed because the claims were for health care liability, and she failed to file an expert report as required by section 74.351 of the Texas Civil Practice and Remedies Code. Lee acknowledged in her response to the motion that she did not file an expert report but argued her claims were not health care liability claims and, therefore, not subject to the expert report requirement. The trial court granted Boothe's motion to dismiss Lee's claims for violations of the DTPA, assault, and fraud. The court denied the motion with respect to Lee's claim for breach of contract. Lee later moved to have her claim for breach of contract dismissed without prejudice, and the trial court granted Lee's motion. Lee brings this appeal challenging the trial court's order dismissing her claims for DTPA violations, assault, and fraud.

## II.

Under section 74.351 of the Texas Civil Practice and Remedies Code, any person who has brought a suit asserting a health care liability claim must, within 120 days of filing the claim, provide an expert report for each physician or health care provider against whom the claim is asserted. TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(a) (Vernon Supp.2006). If the claimant does not provide an expert report as required, the trial court must, upon motion by the defendant, dismiss the claim with preju-

dice. *Id.* § 74.351(b). A health care liability claim is defined as:

a cause of action against a health care provider or physician for treatment, lack of treatment, or other claimed departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care, which proximately results in injury to or death of a claimant, whether the claimant's claim or cause of action sounds in tort or contract.

*Id.* § 74.001(a)(13) (Vernon 2005).

■ Numerous opinions have been issued by both the Texas Supreme Court and the Texas courts of appeals holding that a plaintiff cannot avoid the requirements of chapter 74 and its predecessor legislation by attempting to recast a health care liability claim as a different cause of action through artful pleading. *See, e.g., Diversicare Gen. Partner, Inc. v. Rubio,* 185 S.W.3d 842, 851 (Tex.2005); *Murphy v. Russell,* 167 S.W.3d 835, 838–39 (Tex. 2005); *Earle v. Ratliff,* 998 S.W.2d 882, 893 (Tex.1999); *MacGregor Med. Ass'n v. Campbell,* 985 S.W.2d 38, 40 (Tex.1998); *Walden v. Jeffery,* 907 S.W.2d 446, 448 (Tex.1995); *Gormley v. Stover,* 907 S.W.2d 448, 450 (Tex.1995); *Sorokolit v. Rhodes,* 889 S.W.2d 239, 242 (Tex.1994); *Boothe v. Dixon,* 180 S.W.3d 915 (Tex.App.-Dallas 2005, no pet.); *Williams v. Walker,* 995 S.W.2d 740, 741 (Tex.App.-Eastland 1999, no pet.). Whether a claim is a health care liability claim is a question of law we review de novo. *Dixon,* 180 S.W.3d at 919.

■ In determining whether a claim is subject to the requirements of chapter 74, we focus on the nature and essence of the claim rather than the way it was pleaded. *See Rubio,* 185 S.W.3d at 851. We consider the alleged wrongful conduct as well as the duties allegedly breached. *Id.* We also consider whether expert testimony is necessary to show breach of an appli-

cable standard of care. *See Boothe,* 180 S.W.3d at 919. However, a claim may be a health care liability claim and not require expert testimony to prevail at trial. *See Murphy,* 167 S.W.3d at 838. If the factual allegations are related to the medical treatment provided by the defendant and constitute "an inseparable part of [the defendant's] rendition of medical services," then the plaintiff's claim is a health care liability claim subject to the requirements of chapter 74. *See Walden,* 907 S.W.2d at 448; *Williams,* 995 S.W.2d at 741.

■ Lee argues her DTPA claims are not health care liability claims because she is not alleging that Boothe violated a standard of care but that he failed to fulfill the promises and guarantees made in his advertisements. Lee contends her claims are similar to those in *Sorokolit v. Rhodes.* In *Sorokolit,* the plaintiff alleged the defendant doctor knowingly breached an express warranty of a particular result and knowingly misrepresented his skills and the results he could achieve. *See Sorokolit,* 889 S.W.2d at 242. The supreme court held the plaintiff's DTPA claims were not health care liability claims because they did not involve negligence. *Id.* at 242–43. Since *Sorokolit,* the supreme court has routinely noted the limited scope of its ruling in that case and emphasized that if the underlying nature of the claim is negligence in the rendition of medical services, the plaintiff may not recast his allegations as a DTPA claim to avoid the statutory restrictions on health care liability claims. *See MacGregor,* 985 S.W.2d at 40–41.

In this case, Lee's factual allegations are, in essence, claims of negligence. All of Lee's injuries arise out of the allegedly wrongful manner in which Boothe conducted the operation on Lee's eyes. Section 74.004 of the civil practice and remedies code specifically prohibits claims under the

DTPA "for damages for personal injury or death resulting, or alleged to have resulted, from negligence on the part of any physician or health care provider." Tex. Civ. Prac. & Rem.Code Ann. § 74.004 (Vernon 2005). Because the underlying nature of Lee's alleged DTPA claims is negligence in the rendition of medical services, we conclude the trial court properly applied the requirements of chapter 74 when it dismissed Lee's claims.

■ Lee next argues the trial court erred in dismissing her claim for assault because Boothe's "physical attack" on her was not an inseparable part of the rendition of medical services. We disagree. The "attack" involved Boothe's alleged use of excessive force during an operation. A determination of whether the force used by Boothe was, in fact, excessive necessarily requires expert testimony on the appropriate standard of care and whether that standard of care was breached. Accordingly, Lee's assault claim is a health care liability claim subject to the expert report requirements of chapter 74. *See Rubio*, 185 S.W.3d at 851. We conclude the trial court properly dismissed Lee's claim for assault.

■ Finally, Lee argues the trial court erred in dismissing her fraud claim because the claim has nothing to do with Boothe's rendition of medical services. Lee's fraud claim is based on Boothe's alleged misrepresentation that he would correct her vision to 20/20 or the procedure was free. The fact that Lee alleges Boothe made this misrepresentation knowingly does not affect the underlying nature of the claim. *See Dixon*, 180 S.W.3d at 920. To show that Boothe violated his guarantee, Lee must provide expert testimony to show that he failed to correct her vision. Her claim, therefore, centers on the medical treatment provided by Boothe and the quality of that care. Again, the essence of Lee's claim is negligence in the rendition of health care. *See Walden*, 907 S.W.2d at 448. The trial court did not err in dismissing Lee's fraud claim for failure to file an expert report.

We conclude the trial court properly applied section 74.351 of the Texas Civil Practice and Remedies Code to Lee's claims for violations of the DTPA, assault, and fraud. We affirm the trial court's judgment.