**Landon PERRY, M.D., Appellant,**

v.

**Diane SAMUELS and Phillip Samuels, Appellees.**

No. 05–09–00785–CV.

Court of Appeals of Texas, Dallas.

Feb. 24, 2010.

Edward P. Quillin, Quillin Law Firm, P.C., Wesley David Raff, Dallas, for Appellant.

Coury Matthews Jacocks, The Law Offices of Coury M. Jacocks, Dallas, for appellee.

Before Justices FITZGERALD, MURPHY, and MYERS.

## OPINION

Opinion By Justice MYERS.

Landon Perry, M.D. brings this interlocutory appeal of the trial court's order denying his motion to dismiss the suit brought by Diane Samuels and Phillip Samuels for their failure to serve an ex-

pert report as required by section 74.351 of the Texas Civil Practice & Remedies Code. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(9) (Vernon 2008), § 74.351(b) (Vernon Supp. 2009). We reverse the trial court's order, render judgment dismissing appellees' claims with prejudice, and remand the case to the trial court for determination of appellant's attorney's fees and costs of court.

## BACKGROUND

In their third amended petition, appellees pleaded that Ms. Samuels underwent a cosmetic procedure from a doctor other than appellant. She then sought treatment from appellant for a complication from that procedure. Later, Ms. Samuels sought treatment from appellant for a possible hernia. Appellant told Ms. Samuels her pain and reduced mobility and flexibility were due to her abdominal muscles coming apart and that an abdominoplasty (also called a "tummy-tuck") would alleviate her condition. Ms. Samuels told appellant she would not consent if the surgery would result in scarring visible when wearing a bikini, and appellant told her that would not occur. Appellant also offered to perform liposuction on her hips in the same procedure, and Ms. Samuels agreed. Appellees alleged the surgery appellant performed resulted in numerous visible scars, as well as pain, swelling, discoloration, and bruising. Appellant prescribed painkillers and antibiotics to Ms. Samuels for several months. Appellant performed a second surgery "to correct and conceal the extensive and residual" damage from the first surgery. Appellees also alleged appellant omitted the prescriptions for painkillers and antibiotics from Ms. Samuels records and that he made numerous false entries in the medical and progress notes.

In their live pleading, appellees' only cause of action under these alleged facts was common-law fraud. Appellees alleged:

Defendant made multiple, material, false and knowing misrepresentations representations [sic] previously identified throughout this instrument, of false statements and knowing misrepresentations of material facts by Defendant. Specifically, Defendant made the representation to Plaintiff that the aforesaid surgical procedure was necessary to alleviate the current physical symptoms experienced by, and adversely affecting Plaintiff, further induced with the representation of Defendant's ability to improve the appearance of the physical area where the "tummy tuck" was to be performed. Further, Defendant fabricated and falsified the aforesaid entries in the progress notes of Plaintiff's medical records.

The Plaintiff's factual allegations support Defendant intended Plaintiff to rely as evidenced by the intentional omission of relevant care from Plaintiff's medical records during Defendant's fraudulently procured course of treatment lasting near a year, for which Plaintiff did rely to her damage evidenced by the numerous months of fraudulently concealed treatment by Defendant, as [sic] and the numerous months since.

Appellees sought damages for Ms. Samuels's past and future mental pain and anguish, past and future conscious pain and suffering, past and future medical expenses, and for having been "deprived of the attention, love, companionship, affection, consortium and marital relationship of" Mr. Samuels. They also sought damages because Mr. Samuels was "deprived of the attention, love, companionship and affection" of Ms. Samuels. Appellees also

alleged they were entitled to exemplary damages.

When appellees did not serve appellant with an expert report within 120 days of filing suit, appellant moved for dismissal of their suit with prejudice and an award of his attorney's fees and costs pursuant to section 74.351 of the civil practice & remedies code. Appellees responded that they filed a fraud claim, not a health care liability claim, and so were not subject to the expert-report requirement. The trial court denied appellant's motion to dismiss.

## MOTION TO DISMISS UNDER SECTION 74.351

In his sole issue, appellant asserts the trial court erred in denying his motion to dismiss. Section 74.351(a) requires that a claimant bringing a health care liability claim must, not later than the 120th day after filing suit, serve on each defendant of the health care liability claim an expert report defined by section 74.351(r)(6). TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(a), (r)(6) (Vernon Supp. 2009). If the claimant does not serve an expert report within the 120–day period, the trial court must enter an order that:

> (1) awards to the affected physician or health care provider reasonable attorney's fees and costs incurred by the physician or health care provider; and
> (2) dismisses the claim with respect to the physician or health care provider, with prejudice to the refiling of the claim.

*Id.* § 74.351(b).

■ Whether a claim is a health care liability claim is a question of law we review de novo. *Dual D Healthcare Operations, Inc. v. Kenyon,* 291 S.W.3d 486, 488 (Tex.App.-Dallas 2009, no pet.); *Lee v. Boothe,* 235 S.W.3d 448, 451 (Tex.App.-Dallas 2007, pet. denied). The statute defines "health care liability claim" as:

> a cause of action against a health care provider or physician for treatment, lack of treatment, or other claimed departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care, which proximately results in injury to or death of a claimant, whether the claimant's claim or cause of action sounds in tort or contract.

*Id.* § 74.001(a)(13) (Vernon 2005). The statute defines "health care" as "any act or treatment performed or furnished, or that should have been performed or furnished, by any health care provider for, to, or on behalf of a patient during the patient's medical care, treatment, or confinement." *Id.* § 74.001(a)(10).

■ Artful pleading cannot avoid the requirements of section 74.351 when the essence of the suit is a health care liability claim. *Garland Cmty. Hosp. v. Rose,* 156 S.W.3d 541, 544 (Tex.2004). To determine whether a cause of action falls under the definition of a health care liability claim, we examine the underlying nature of the claim. *Id.* "If the factual allegations are related to the medical treatment provided by the defendant and constitute 'an inseparable part of [the defendant's] rendition of medical services,' then the plaintiff's claim is a health care liability claim subject to the requirements of chapter 74." *Lee,* 235 S.W.3d at 451 (quoting *Walden v. Jeffery,* 907 S.W.2d 446, 448 (Tex.1995)). When proof of a claim requires expert medical testimony, it is usually a health care liability claim. *Boothe v. Dixon,* 180 S.W.3d 915, 919 (Tex.App.-Dallas 2005, no pet.).

■ Appellees' petition alleged appellant committed fraud by making misrepresentations that:

> (1) Abdominoplasty was necessary to alleviate Ms. Samuels's symptoms;

(2) the procedure would improve Ms. Samuels's appearance;

(3) the procedure could be performed without leaving scarring visible when Ms. Samuels wore a bikini; and

(4) appellant had the necessary knowledge and skill to perform the procedure.

Appellees also alleged appellant committed fraud by making false statements in Ms. Samuels's medical and progress notes. To prove these representations were false, appellees would have to present expert medical testimony. Furthermore, all of these allegations "are related to the medical treatment provided by the defendant and constitute 'an inseparable part of [the defendant's] rendition of medical services.'" *Lee*, 235 S.W.3d at 451 (quoting *Walden*, 907 S.W.2d at 448). Thus, they are health care liability claims and are subject to the expert-report requirement. *Cf. Gormley v. Stover*, 907 S.W.2d 448, 449–50 (Tex. 1995) (per curiam) (DTPA claim that dentist represented he could perform procedure "with no problems" and that pain and numbness would cease in several months was health care liability claim); *Lee*, 235 S.W.3d at 451 (fraud claim against doctor who represented that Interlasik procedure would be "absolutely free" if patient's vision was not corrected to 20/20 was health care liability claim subject to expert-report requirement).

Because appellees' fraud claim is a health care liability claim, appellees had to serve appellant with an expert report within 120 days of filing suit. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(a). Appellees did not serve appellant with an expert report. Accordingly, appellant was entitled to have his motion for dismissal of the cause with prejudice granted and to an award of his reasonable attorney's fees. *See id.* § 74.351(b). We conclude the trial court erred in denying appellant's motion.

We reverse the trial court's order denying appellant's motion to dismiss, we render judgment in appellant's favor dismissing appellees' claims with prejudice, and we remand the cause to the trial court solely for a determination of an award of appellant's reasonable attorney's fees and costs of court.