Ronald FUDGE, Individually, Ronald Fudge as Next Friend of J.L.F., and Bettye Fudge, Appellants,

v.

Kathryn WALL, Individually, and d/b/a Quest Counseling Services, Appellee.

No. 05–08–01232–CV.

Court of Appeals of Texas, Dallas.

March 24, 2010.

Eric L. Williams, Law Office of Eric Williams, Kaufman, TX, for Appellants.

Wendy H. Hermes, The Berry Firm, P.L.L.C., B. Bowen Berry, Berry & Randall, L.L.P., Dallas, TX, for Appellee.

Before Chief Justice WRIGHT and Justices BRIDGES and RICHTER.

## OPINION

Opinion By Justice RICHTER.

Ronald Fudge, individually and as next

friend of J.L.F.[1], and Bettye Fudge appeal the trial court's order dismissing their claims against Kathryn Wall, individually and d/b/a Quest Counseling Services, for failure to comply with the expert report requirement of section 74.351 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 74.351 (Vernon Supp. 2009). In three issues, appellants contend the trial court erred in granting appellee's motion to dismiss because appellee is not a health care provider, appellants' claims are not health care liability claims, and no expert report is required. We conclude the trial court properly dismissed appellants' claims. We affirm the trial court's order.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellee Kathryn L. Wall (Wall) is licensed by the State of Texas as a Licensed Professional Counselor (LPC). She provided counseling to J.L.F., the minor son of Ronald Fudge and grandson of Bettye Fudge. On November 19, 2007, Wall sent a letter providing information regarding her treatment of J.L.F. to Belinda McLeod, a social worker conducting a court-ordered social study of Ronald Fudge. In her letter, Wall gave her professional opinion regarding behavior exhibited by J.L.F. and made recommendations with respect to custody and visitation. Appellants filed suit against Wall for libel, alleging she had shown reckless disregard for the truth, committed professional negligence, malpractice, and violated the rules of ethics and standards of practice for licensed professional counselors.

Wall filed a motion to transfer venue, arguing that venue was not mandatory in Kaufman County because the libel claims were actually recast health care liability claims. The trial court denied Wall's motion to transfer venue. When appellants failed to file an expert report as required by section 74.351 of the Texas Civil Practice and Remedies Code, Wall moved to dismiss their claims. After hearing arguments of both parties, the trial court granted Wall's motion to dismiss and dismissed all of appellants' claims against Wall with prejudice. This appeal followed.

## II. MOTION TO DISMISS FOR FAILURE TO FILE EXPERT REPORT

### A. Standard of Review

Generally, we review a trial court's decision on a motion to dismiss a claim under section 74.351 of the Texas Civil Practice and Remedies Code for an abuse of discretion. *Scientific Image Ctr. Mgmt., Inc. v. Brewer*, 282 S.W.3d 233, 236 (Tex.App.-Dallas 2009, pet. denied); *Christus Health v. Beal*, 240 S.W.3d 282, 284 (Tex.App.-Houston [1st Dist.] 2007, no pet.). However, when resolution of the issue on appeal requires interpretation of a statute, the court applies a de novo standard of review. *Vanderwerff v. Beathard*, 239 S.W.3d 406, 408 (Tex.App.-Dallas 2007, no pet.); *Groomes v. USH of Timberlawn, Inc.*, 170 S.W.3d 802, 804 (Tex.App.-Dallas 2005, no pet.). Therefore, we review de novo the determination of whether appellant's claims are "health care liability claims" for purposes of applying chapter 74 of the Texas Civil Practice and Remedies Code. *Lee v. Boothe*, 235 S.W.3d 448, 451 (Tex.App.-Dallas 2007, pet. denied).

### B. Applicable Law

Appellants claim the trial court erred in granting appellee's motion to dismiss because appellee is not a health care provid-

---

1. In accordance with an order to issue the same date as this opinion, the Court has restyled this case by substituting initials for the name of the minor child. Throughout this opinion we shall refer to the minor child by his initials, J.L.F.

er, appellants' claims are not health care liability claims, and, therefore, no expert report is required. Under section 74.351 of the Texas Civil Practice and Remedies Code, any person who brings suit asserting a health care liability claim must, within 120 days of filing their original petition, provide an expert report for each physician or health care provider against whom a claim is asserted. TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(a). If the claimant does not provide an expert report as required, the trial court must, upon motion by the defendant, dismiss the claim with prejudice. *Id.* § 74.351(b). A health care liability claim is defined as:

> a cause of action against a health care provider or physician for treatment, lack of treatment, or other claimed departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care, which proximately results in injury to or death of a claimant, whether the claimant's claim or cause of action sounds in tort or contract.

TEX. CIV. PRAC. & REM.CODE ANN. § 74.001(a)(13) (Vernon 2005). Here, applying chapter 74, we determine whether appellants' claims are health care liability claims by analyzing whether their causes of action are against a "health care provider" and "for treatment, lack of treatment, or other claimed departure from accepted standards of medical care, or health care, or safety." *Id.*

### C. Appellants' Claims

■ In their first issue, appellants argue that Wall is not a "health care provider" under chapter 74. A "health care provider" is defined as:

> any person, partnership, professional association, corporation, facility, or institution duly licensed, certified, registered, or chartered by the State of Texas to provide health care, including: (i) a registered nurse; (ii) a dentist; (iii) a podiatrist; (iv) a pharmacist; (v) a chiropractor; (vi) an optometrist; or (vii) a health care institution.

*Id.* § 74.001(a)(12)(A). The list of health care providers in section 74.001(a)(12)(A) does not specifically include LPCs; however, the list is not exhaustive. *Id.; see* TEX. GOV'T CODE ANN. § 311.005(13) (Vernon 2005) (" 'Includes' and 'including' are terms of enlargement and not of limitation or exclusive enumeration, and use of the terms does not create a presumption that components not expressed are excluded."); *Beal,* 240 S.W.3d at 287 (drug and alcohol treatment center is a health care provider); *Pro Path Servs., L.L.P. v. Koch,* 192 S.W.3d 667, 671 (Tex.App.-Dallas 2006, pet. denied) (pathology laboratory is a health care provider). Acknowledging the list of health care providers in section 74.001(a)(12)(A) is not exclusive, appellants nevertheless argue the statutory list should be used as a guide. They assert inclusion of LPCs is not reasonable because none of the existing entries in the current definition of "health care provider" deal primarily with mental health. To support this argument, appellants point out that legislative history for chapter 74 does not include the words "counseling," "mental health," "therapist," or "therapy." Appellants provide no other support or legal authority for their argument that LPCs are not health care providers.

Pursuant to section 74.001(a)(12)(A), in order to be a health care provider, a person must be duly licensed to provide health care. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.001(a)(12)(A). It is undisputed that Wall is licensed by the State of Texas as an LPC. *See* TEX. OCC.CODE ANN. § 503.002(4) (Vernon Supp. 2009). Appellants suggest that "health care" for purposes of chapter 74 means physical health care only and does not include mental

health care. We do not agree. Nothing in section 74.001 distinguishes between mental and physical health care. "Health care" is defined as "any act or treatment performed or furnished, or that should have been performed or furnished, by any health care provider for, to, or on behalf of a patient during the patient's medical care, treatment, or confinement." TEX. CIV. PRAC. & REM.CODE ANN. § 74.001(a)(10). Health care includes the care and treatment of mental conditions. *See Diversicare Gen. Partner, Inc. v. Rubio,* 185 S.W.3d 842, 850 (Tex.2005).

Recently, two of our sister courts concluded that LPCs are health care providers under chapter 74. *See Norgaard v. Pingel,* 296 S.W.3d 284, 288 (Tex.App.-Fort Worth 2009, no pet.) (claims filed against an LPC for negligent diagnosis, assessment, care, and treatment are health care liability claims against a health care provider); *Skloss v. Perez,* No. 01–08–00484–CV, 2009 WL 40438, at *6 (Tex. App.-Houston [1st Dist.] Jan. 8, 2009, no pet.) (mem. op.) (LPC is a health care provider and claims filed against LPC for negligence, breach of fiduciary duty, outrage, breach of privacy rights, fraud, and breach of contract are health care liability claims). Analyzing the definition of "practice of professional counseling" found in Texas Occupations Code section 503.003(a), the *Norgaard* and *Skloss* courts concluded LPCs may assess, evaluate, and treat persons with mental, emotional, or behavioral disorders and associated distresses that interfere with mental health. *Norgaard,* 296 S.W.3d at 287–88; *Skloss,* 2009 WL 40438, at *5; *see also* TEX. OCC.CODE ANN. § 503.003(a) (Vernon 2004). In *Norgaard,* the court stated "[b]ecause LPCs are licensed to treat mental or emotional conditions that interfere with mental health, and are therefore licensed to provide health care, LPCs are health care providers un-

der the statute." *Norgaard,* 296 S.W.3d at 288.

We agree with the reasoning of our sister courts. Because Wall is a person licensed to treat mental or emotional conditions that interfere with mental health and is therefore licensed to provide health care, we conclude she is a health care provider under section 74.001(a)(12)(A). We resolve appellants' first issue against them.

Turning to appellants' second issue, we consider whether appellants' claims are health care liability claims. Although we are not bound by appellants' pleadings, a review of their allegations is helpful in evaluating whether their claims against Wall are health care liability claims recast as a libel action. *See Scientific Image Ctr.,* 282 S.W.3d at 238. Appellants sued Wall for libel based on alleged defamatory statements made and published by Wall in her letter to McLeod. Appellants' specific allegations of libel include: (1) Wall, with actual malice or reckless disregard for the truth, published information to a third party in an attempt to injure appellants' reputations and expose them to public hatred, contempt, or ridicule; (2) Wall also published this information to the Child Protective Services Division (CPS) of the Texas Department of Family and Protective Services; and (3) Wall did not attempt to verify or investigate any of the allegations made in her letter to McLeod. Appellants also allege Wall "committed professional negligence, malpractice," and "violated the rules of ethics and standards of practice for licensed professional counselors." Notwithstanding their claim that Wall did not comply with accepted standards of practice for LPCs, appellants contend the claims asserted by Ronald and Bettye Fudge are not health care liability claims because Wall never treated or had direct contact with Ronald or Bettye Fudge. With re-

spect to claims asserted by Ronald Fudge as next friend of J.L.F, appellants point out that Wall met with J.L.F. on only three occasions, the latest being almost eighteen months prior to the date on which the alleged defamatory statements were made. Therefore, according to appellants, any treatment Wall may have provided to J.L.F. does not form the basis for this suit because Wall's letter to McLeod "is not based upon any treatment or lack of treatment of the Appellant/Plaintiffs."

Wall asserts that appellants' suit for libel is merely an attempt to recast a health care liability claim. Wall argues that the appropriateness of her communication to McLeod concerning J.L.F. necessarily implicates the condition of J.L.F., his mental health care, and his treatment. This, in turn, requires consideration of the duties and obligations of a licensed professional counselor to report suspected abuse and whether Wall departed from the accepted standard of care by participating in the CPS investigation or social study by authoring the letter in question. Wall contends that in order to show statements in her letter to McLeod were defamatory, appellants would be required to show, through expert testimony, that a reasonable and prudent LPC in the same or similar circumstances would have done something differently.

 Artful pleading cannot avoid the requirements of section 74.351 when the essence of the suit is a health care liability claim. *Diversicare,* 185 S.W.3d at 851; *Garland Cmty. Hosp. v. Rose,* 156 S.W.3d 541, 543 (Tex.2004); *Scientific Image Ctr.,* 282 S.W.3d at 237. To determine whether a claim is a health care liability claim subject to the requirements of chapter 74, we examine the nature and essence of the claim. *Rose,* 156 S.W.3d at 543; *Lee,* 235 S.W.3d at 451; *Terry v. Schiro,* No. 01–07–00060–CV, 2007 WL 2132461, at *2 (Tex.

App.-Houston [1st Dist.] July 26, 2007, pet. denied) (mem. op.). We consider the alleged wrongful conduct and the duties allegedly breached, rather than the injuries suffered or damages claimed. *Diversicare,* 185 S.W.3d at 851; *Lee,* 235 S.W.3d at 451. "A cause of action against a health care provider is a health care liability claim under the Act if it is based on a claimed departure from an accepted standard of medical care, health care, or safety of the patient, whether the action sounds in tort or contract." *MacPete v. Bolomey,* 185 S.W.3d 580, 584 (Tex.App.-Dallas 2006, no pet.). One consideration in our determination may be whether expert testimony is necessary to show breach of a standard of care. *Lee,* 235 S.W.3d at 451. However, a claim may still be a health care liability claim even if expert testimony is not required to prevail at trial. *See Murphy v. Russell,* 167 S.W.3d 835, 838 (Tex. 2005); *Sloan v. Farmer,* 217 S.W.3d 763, 768 (Tex.App.-Dallas 2007, pet. denied). If the act or omission alleged in appellants' petition is an inseparable part of Wall's rendition of treatment, or if it is based on a breach of a standard of care applicable to Wall, then the claim is a health care liability claim. *See Rose,* 156 S.W.3d at 544; *Sloan,* 217 S.W.3d at 767; *Terry,* 2007 WL 2132461, at *2.

 The essence of appellants' claims is that Wall negligently misdiagnosed J.L.F. as being sexually abused by his father, negligently published her opinion to McLeod and the Texas Department of Family and Protective Services, and failed to comply with accepted standards of care for LPCs. As noted above, we consider the wrongful conduct and duty allegedly breached and not the injury suffered or damages claimed. *Diversicare,* 185 S.W.3d at 851; *Lee,* 235 S.W.3d at 451. According to Wall's letter, she provided counseling services to both J.L.F. and his

mother. Wall wrote the letter in her capacity as LPC, to Belinda McLeod, a court-appointed social worker, at McLeod's request. The letter details behavior by J.L.F. that was either observed by Wall during counseling sessions with J.L.F. or told to Wall during counseling sessions with J.L.F.'s mother. In the letter, Wall provides her professional assessment and evaluation of J.L.F.'s behavior, and states her professional concerns and recommendations with respect to the safety, custody, and visitation of J.L.F. The letter, and any diagnosis set forth therein, clearly relates to Wall's assessment, evaluation, and treatment of J.L.F. We conclude that Wall's letter to McLeod, and the statements contained therein, are inseparable from her treatment of J.L.F.

In the letter, Wall informed McLeod she had filed two reports with CPS regarding her concerns for the safety and welfare of J.L.F. The referenced reports are not part of the record before this Court, nor does the record indicate whether appellants have seen these reports. Nevertheless, appellants argue Wall's statement that she filed two reports with CPS shows Wall published libelous information to a third party. Wall asserts that as an LPC, she is legally required to immediately report suspected child abuse. *See* TEX. FAM. CODE ANN. § 261.101(b) (Vernon 2008). Whether Wall rightfully reported her concerns to CPS depends on standards of care applicable to LPCs, including the duty and obligation to report suspected abuse.

Finally, appellants' contention that Wall "committed professional negligence, malpractice," and "violated the rules of ethics and standards of practice for licensed professional counselors" is a claim, on its face, that Wall breached the standard of care applicable to LPCs. If the act or omission that forms the basis of the claim is an inseparable part of the rendition of health care treatment, or if it is based on a breach of the standard of care applicable to the health care provider, then the claim is a health care liability claim, no matter how it is labeled. *Vanderwerff,* 239 S.W.3d at 408; *MacPete,* 185 S.W.3d at 584. We conclude that appellants' claims are health care liability claims governed by chapter 74. We resolve appellants' second issue against them.

■ In their third issue on appeal, appellants contend the trial court abused its discretion in dismissing their claims for failure to provide an expert report under section 74.351 of the Texas Civil Practice and Remedies Code. According to section 74.351 of the Texas Civil Practice and Remedies Code, any person who brings suit asserting a health care liability claim must, within 120 days of filing their original petition, provide an expert report for each physician or health care provider against whom a claim is asserted. TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(a). If an expert report is not provided in accordance with section 74.351(a), the court, on the motion of the affected health care provider, shall enter an order that dismisses the claim against the health care provider. *Id.* § 74.351(b). It is undisputed that appellants did not provide an expert report as required by section 74.351(a).

Appellants argue the statutory requirements for qualification of an expert witness set forth in section 74.403 make it impossible to provide an expert report with respect to an LPC. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 74.403(a) (Vernon 2005). Appellants contend that because only physicians can qualify as expert witnesses on the issue of the causal relationship between the alleged departure from accepted standards of care and the injury, harm or damages claimed, appellants are precluded from presenting expert witness evidence by other licensed professional

counselors, therapists, or social workers. While we agree that only qualified physicians may testify on the issue of causal relationship, other health care providers, such as LPCs, may qualify as expert witnesses on the issue of accepted standards of care. TEX. CIV. PRAC. & REM.CODE ANN. § 74.402(b) (Vernon 2005); *see Health-South Corp. v. Searcy*, 228 S.W.3d 907, 909 (Tex.App.-Dallas 2007, no pet.). Wall suggests, and we agree, that appellants had the option of choosing a qualified physician, such as a psychiatrist, to present expert witness evidence regarding the causal link between the alleged breach of the standard of care and appellants' alleged injuries. We are not persuaded that appellants were precluded from providing an expert report because of the expert witness qualification requirements of section 74.403.

Appellants failed to provide an expert report; therefore, the trial court did not abuse its discretion by dismissing their claims against Wall. TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(b). We resolve appellants' third claim against them.

### III. CONCLUSION

We affirm the trial court's order granting Wall's motion to dismiss.