**AFFIRM; and Opinion Filed July 31, 2013.**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-12-01709-CV**

**SHAAD BIDIWALA, MD, Appellant**
**V.**
**JEFFERY A. FIELDLER, Appellee**

**On Appeal from the 160th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-10-14132**

## MEMORANDUM OPINION
Before Justices O'Neill, FitzGerald, and Lang-Miers
Opinion by Justice O'Neill

Appellant Shaad Bidiwala, M.D. appeals an order denying his motion to dismiss under the Texas Medical Liability Act. In a single point of error, appellant contends the trial court erred in concluding appellee Jeffery A. Fielder's claim against him for assault and battery was not a Health Care Liability Claim (HCLC). For the following reasons, we affirm the trial court's judgment.

Defendant is a neurosurgeon with privileges at the Baylor University Medical Center. Plaintiff, a physicist, worked with Bidiwala at the Baylor Radiosurgery Center. Fielder filed suit against Bidiwala for an assault and battery involving an allegedly offensive touching that occurred in the workplace. Fielder also sued Baylor for sexual harassment and retaliatory discharge claiming Baylor terminated him for reporting the alleged assault. Bidiwala filed a motion to dismiss under the Act alleging Fielder's assault and battery claim was a HCLC and

Fielder did not file an expert report as required by the Act. The trial court denied Bidiwala's motion.

The Act requires a person who asserts a HCLC to file an expert report within 120 days of filing the original petition. TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a) (West 2011). The Act defines a HCLC as including a claim against a health care provider based upon an alleged departure from accepted standards of safety. TEX. CIV. PRAC. & REM. CODE ANN. § 74.001(a)(13) (West 2011). Whether a claim fits within this definition is a question of law, which we review de novo. *See Saleh v. Hollinger*, 335 S.W.3d 368, 372 (Tex. App.—Dallas 2011, pet. denied); *Lee v. Boothe*, 235 S.W.3d 448, 451 (Tex. App.—Dallas 2007, pet. denied).

In his sole issue, Bidiwala asserts the trial court erred in concluding Fielder's assault and battery claim was not a HCLC because the claim was based upon an alleged departure from accepted "standards of safety," even though the claim had nothing to do with healthcare. He relies on the Texas Supreme Court's opinion in *Texas W. Oaks Hosp. v. Williams*, 371 S.W.3d 171, 185-86 (Tex. 2012). In that case, Williams, an employee of the defendant mental hospital, sued the mental hospital for injuries he sustained when assaulted by a mental patient. Williams alleged the hospital failed to institute proper safety protocols and monitoring devices. The Court concluded Williams' claim was a HCLC because it involved deviation from safety standards, even though the plaintiff's claims were not "directly" related to health care. *See id.* at 179, 184.

In *Good Shepherd Med. Ctr.-Linen v. Twilley*, ___ S.W.3d ___, 2013 WL 772136 (Tex. App.—Texarkana 2013, pet. filed), the Texarkana Court of Appeals held that *Williams* did not hold that a "safety claim" entirely unrelated to healthcare was a HCLC. That court concluded that for a "safety claim" to come under the Act, there must be at least an indirect relationship to healthcare. *Id.* at *3. It relied, at least in part, on the Texas Supreme Court's opinion in *Loaisiga v. Cerda*, 379 S.W.3d 248, 256 (Tex. 2012), decided after *Williams*. In that case, the

Court indicated the Legislature could not have intended for the expert report requirement to apply to claims that were wholly separable from the rendition of "medical care, or health care, or safety or professional or administrative services directly related to health care," even though the conduct occurred in a health care context. *Id.* at 257. The Court specifically stated that a claim against a medical or heath care provider for assault is not an HCLC if the record shows conclusively that (1) there is no complaint about any act of the provider related to medical or health care services other than the alleged offensive contact, (2) the alleged offensive contact was not pursuant to actual or implied consent, and (3) the only possible relationship between the alleged offensive contact and the rendition of medical services or healthcare was the setting in which the act took place. *Id.* at 257. Bidiwala suggests Loaisiga is inapplicable because the Court was addressing whether a patient's complaint was a HCLC under the "provision of health care services" prong, not the "safety" prong, which requires no "direct" relationship to healthcare. We do not read Loaisiga so no narrowly. Rather, Loaisiga stands for the proposition that an assault claim wholly separable from the provision of safety standards is not a health care liability claim even though the conduct occurred in a medical facility.

Regardless, we need not decide in this case whether a safety claim wholly unrelated to healthcare is a HCLC. Under the express terms of the Act, to be a HCLC, the cause of action must be "for" a claimed departure from "accepted standards" of safety. TEX. CIV. PRAC. & REM. CODE ANN. § 74.001 (West 2011). In making this determination, we focus on the essence of the claim and consider the alleged wrongful conduct as well as the duties allegedly breached. *See Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 851 (Tex. 2005). Fielder's claim against Bidiwala is for Bidiwala's own conduct that Fielder alleges constituted an assault and battery. This claim does not depend upon the existence, adequacy, or implementation of any

safety standards. Reviewing the nature of the wrongful conduct and the duties allegedly breached, we conclude the claim is not "for" any departure from safety standards.

In reaching this conclusion, we reject Bidiwala's assertion that Fielder's "judicial admission" that Bidiwala himself "could" be Fielder's employer in his own right is "fatal" to his claim. To show such a judicial admission was made, Bidiwala relies on a letter brief Fielder filed in response to a motion for summary judgment regarding whether Fielder could sue Bidiwala for a hostile work environment (a claim he since abandoned). According to Bidiwala, because Fiedler admitted Bidiwala "could" be his employer, it follows that Bidiwala would then have an affirmative duty to provide a safe working environment, and Fielder's claim would then implicate a departure from safety standards. At the same time, Bidiwala expressly refuses to concede that he is or even *could* be Fielder's employer. Initially, we note the statements relied upon do not meet the requirements of a judicial admission. *See Mapco, Inc. v. Carter*, 817 S.W.2d 686, 687 (Tex. 1991) (judicial admission must be deliberate, clear, and unequivocal). Furthermore, regardless of whether Bidiwala "could" be Fielder's employer does not establish Fielder's claim was "for" a departure from safety standards or any duties Bidiwala might have as an employer. Indeed, an employer would be liable for an intentional assault irrespective of the existence of or departure from any "safety" standards. Because Fielder's claim was not a HCLC, the trial court did not err in denying Bidiwala's motion to dismiss. We resolve the sole issue against Bidiwala and affirm the trial court's judgment.

/Michael J. O'Neill/
MICHAEL J. O'NEILL
JUSTICE

121709F.P05

–4–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

SHAAD BIDIWALA, Appellant

No. 05-12-01709-CV      V.

JEFFERY A. FIELDLER, Appellee

On Appeal from the 160th Judicial District Court, Dallas County, Texas
Trial Court Cause No. DC-10-14132.
Opinion delivered by Justice O'Neill.
Justices FitzGerald and Lang-Miers participating.

       In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

       It is **ORDERED** that appellee JEFFERY A. FIELDLER recover his costs of this appeal from appellant SHAAD BIDIWALA.

Judgment entered this 31st day of July, 2013.

/Michael J. O'Neill/

MICHAEL J. O'NEILL
JUSTICE