ACCEPTED
04-14-00518-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
2/10/2015 3:00:35 PM
KEITH HOTTLE
CLERK

No. 04-14-00518

IN THE COURT OF APPEALS
FOURTH DISTRICT
SAN ANTONIO, TEXAS

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS

02/10/2015 3:00:35 PM

KEITH E. HOTTLE
Clerk

**JEANNE COOK,**
Appellant,

v.

**WARREN F. NEELY, M.D.**
Appellee.

On Appeal from the
285th Judicial District, Bexar County, Texas

**REPLY BRIEF OF APPELLANT**

TO THE HONORABLE COURT OF APPEALS:

COMES NOW Appellant herein and Plaintiff below, **JEANNE COOK**, hereinafter referred to as "Cook," and files this her Reply Brief in the above-entitled and -numbered cause.

*REPLY BRIEF OF APPELLANT*

1

## ARGUMENT AND AUTHORITIES

At first blush, the Brief of Appellee Warren Neely ("Neely") appears to state a compelling argument regarding the sweeping breadth and depth of the Texas Medical Liability Act ("TMLA"), vis-a-vis a line of cases which seem to resemble the instant proceeding – wherein the operative facts potentially give rise to both a "health care liability claim" ("HCLC"), and a fraud (or similar) claim. Neely cites authority-after-authority-after-authority, which seem to collectively echo a mantra of *"Thou shalt not recast an HCLC into a fraud claim."* But a careful reading of the cited authorities reveals an inconvenient truth, and it is reflected in the following excerpt from the Brief of Appellee:

> *Texas law prevents Cook from recasting her HCLC into another cause of action, such as fraud,* **to avoid the requirements and limitations of Chapter 74.** Diversicare, *185 S.W.3d at 851. In other words, Cook "....cannot use artful pleading* **to avoid the MLIIA's requirements** *when the essence of the suit is a health care liability claim."*

*Brief of Appellee*, p. 15 (emphasis added)

Simply stated, the bolded portion above is the linchpin for Neely's entire argument regarding the viability of Cook's fraud claim, and this Reply Brief will demonstrate the undeniable collapse of the linchpin, pursuant to the unique facts presented by this case.

*__REPLY BRIEF OF APPELLANT__*

2

As referenced above, Neely cites a litany of case law which purports to undermine the viability of a fraud claim like Cook's, *i.e.*, one that arises within a broader HCLC context. Moreover, Neely casually dismisses the opinions cited as primary authority by Cook, in her Appellant's Brief, *e.g.*, *Sorokolit v. Rhodes*, 889 S.W.2d 239 (Tex. 1994); *Crundwell v. Becker*, 981 S.W.2d 880 (Tex. App. – Houston [1st Dist.] 1998, pet. denied); *Melissinos v. Phamanivong*, 823 S.W.2d 339 (Tex. App. – Texarkana 1991, writ denied); *Garcia v. Columbia Med. Ctr.*, 996 F. Supp. 605, 610 (E.D. Tex. 1998). *Ruiz v. Walgreen Co.*, 79 S.W.3d 235, 239 (Tex. App. – Houston [14th Dist.] 2002, no pet.); *Rogers v. Crossroads Nursing Serv., Inc.*, 13 S.W.3d 417, 419 (Tex. App. – Corpus Christi 1999, no pet.) (henceforth, collectively referred to as the *Sorokolit* line of cases). As discussed previously in Appellant's Brief, all of these cases stand for the proposition that a fraud (or similar) claim is indeed viable in the context of an HCLC, yet Neely derisively labels them as (1) "outdated," or at the very least (2) distinguishable.

In labeling these cases as "outdated," Neely implies that the subsequent enactment of the TMLA, and/or the holding in subsequent cases such as *Diversicare General Partner, Inc. v. Rubio*, 185 S.W.3d 842 (Tex. 2005) (henceforth, referred to collectively as the "*Diversicare* line of cases"), somehow overrules the earlier

precedent. Yet this implication is unfounded and unsupported, as Neely can cite to no authority which explicitly overturns this time-honored line of cases.

And rather than existing at-odds with one another, there is indeed a profound harmony among these authorities. As stated previously, the linchpin which creates the harmony is the qualification which appears throughout the entire *Diversicare* line of cases – **these holdings are limited to cases wherein the plaintiff is attempting to avoid the requirements and limitations of the TMLA.** Thus, the presence of this qualification begs the question as to what is the meaning of the phrase "requirements and limitations." A careful review of the provisions of Chapter 74 reveals a multitude of procedural requirements including, *inter alia*, notice requirements, expert-report requirements, prescribed forms, discovery procedure, and so on. See, *e.g.* TEX. CIV. PRAC. & REM. CODE §§74.051; 74.052, 74.053; 74.351; 74.352; 74.401; 74.403. Moreover, limitations in the form of damage caps, as well as a statute of limitations, are included. See, *e.g.* TEX. CIV. PRAC. & REM. CODE §74.251; Subchapter G. Yet nowhere within the text of Chapter 74 is there an explicit proscription against fraud (or similar) claims, in the context of an HCLC.

Having established what constitutes the "requirements and limitations" of the TMLA, the analysis necessarily shifts to an examination of whether Cook's fraud

claim is merely an artfully pleaded end-around, designed to circumvent these requirements and limitations. Yet this Court need look no further than the fact that **Cook's abidance with the TMLA requirements and limitations were never challenged by Neely**. Indeed, Neely has failed to pinpoint any specific TMLA requirement or limitation which was effectively usurped or preempted by way of Cook's fraud claim. A blanket statement regarding Cook's avoidance of the TMLA by way of her fraud claim, without support, is legally insufficient.

Surprisingly, Cook generally agrees with one of Neely's arguments – the lines of cases cited by the respective parties are indeed distinguishable. However, it is the *Diversicare* line of cases which is so factually distinguishable that they have no precedential value in this proceeding. **To wit, each and every opinion within the *Diversicare* line of cases – without fail – involves a pre-trial challenge to the plaintiff's abidance with one or more of the TMLA requirements and limitations.** See *Diversicare Gen. Partners, Inc. v. Rubio*, 185 S.W.3d 842 (Tex. 2005); *Tex. West Oaks Hosp., L.P. v. Williams*, 371 S.W.3d 171 (Tex. 2012); *Yamada, M.D. v. Friend*, 355 S.W.3d 192 (Tex. 2010); *Loaisiga v. Cerda*, 379 S.W.3d 248 (Tex. 2012); *Saleh v. Hollinger*, 335 S.W.3d 368 (Tex. App. – Dallas 2011, no pet. hx); *Lee v. Boothe*, 235 S.W.3d 448 (Tex. App. – Dallas 2007, pet.

denied)*; Perry v. Samuels*, 307 S.W.3d 826, 828 (Tex. App. – Dallas 2010, no pet.)*; Turtle Healthcare Group, L.L.C. v. Linan*, 337 S.W.3d 865 (Tex. 2011)*; Harris Meth. Ft. Worth v. Ollie*, 342 S.W.3d 525 (Tex. 2011)*; Harris Meth. Ft. Worth v. Ollie*, 342 S.W.3d 525 (Tex. 2011)*; Omaha Healthcare Center, L.L.C. v. Johnson*, 344 S.W.3d 392 (Tex. 2011). The <u>entirety</u> of the *Diversicare* line of cases, revolves around either (1) a plaintiff whose expert report does not pass muster under the TMLA, or (2) a plaintiff whose statute of limitations has expired – defects which were challenged and adjudicated pre-trial. Accordingly, with the demise of their HCLC claim, the plaintiffs in this *Diversicare* line of cases have no choice but to try and bootstrap their way into a viable claim – by recasting their HCLC as a fraud (or similar) claim. These claims were dismissed, and justifiably so, as improper attempts to circumvent the requirements and limitations of the TMLA.

But it cannot be overstated that Cook never attempted to circumvent the requirements and limitations of the TMLA, as her abidance therewith was never challenged. To wit, the record is devoid of a challenge to the adequacy of Cook's expert report, as Neely never even filed an objection thereto. And it is this truth – inconvenient as it is for Neely – which distinguishes Cook's claim from the *Diversicare* line of cases. Moreover, it is this inconvenient truth which places her

*REPLY BRIEF OF APPELLANT*

6

squarely within the ambit of the *Sorokolit* line of cases – and thereby creates a viable claim as more fully discussed in Appellant's Brief.

*Evidence of Fraud*

Finally, Neely's arguments regarding Cook's alleged failure to produce sufficient evidence of fraud is belied by the bevy of evidence cited in Appellant's Brief, and they do not merit an extensive reply. The evidence cited in Appellant's Brief is probative of multiple misrepresentations of fact – by both commission and omission – upon which Cook relied to her detriment. Said evidence is thoroughly cited in the tables appearing in Appellant's Brief on pages 16-20.

**PRAYER**

WHEREFORE, Cook respectfully prays that her appeal be granted; that the verdict be set aside and reversed; and that the case be remanded for further proceedings in the trial court, to include a jury trial *de novo*. Cook further prays that costs be taxed against Appellee and that Cook be granted such additional relief, at law or in equity, to which she may be entitled.

*REPLY BRIEF OF APPELLANT*

Respectfully submitted,

DREYER & MAZAHERI, PLLC
111 Soledad, Suite 110
San Antonio, Texas 78205
Telephone: (210) 472-1400
Facsimile: (210) 472-1404

By: _____/s/_____
        DAIN A. DREYER
        State Bar No. 00793639

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument will be sent via fax transmission to opposing counsel on this the 10th day of February, 2014.

_____/s/_____
DAIN A. DREYER

*REPLY BRIEF OF APPELLANT*