AFFIRMED; Opinion Filed November 21, 2012.



In The

### Court of Appeals
### Fifth District of Texas at Dallas

No. 05-12-00099-CV

CRYSTAL MONSON, Appellant

V.

ALLEN FAMILY FIRST CLINIC, P.A., CHANDANA REDDY,
AND CANDACE GAUNTT, Appellees

On Appeal from the County Court at Law No. 6
Collin County, Texas
Trial Court Cause No. 006-02223-2011

# OPINION

Before Justices Moseley, Fillmore, and Myers
Opinion By Justice Myers

Crystal Monson appeals the trial court's granting of appellees' motion to dismiss Monson's

claims because they were health care liability claims and Monson failed to file an expert report. In

her sole issue on appeal, Monson contends the trial court erred in determining that her claims were

health care liability claims. We affirm the trial court's judgment.

### BACKGROUND

On July 16, 2009, appellant saw Dr. Chandana Reddy at the Allen Family First Clinic, P.A.,

for evaluation and treatment. When appellant left the office, she received a note regarding her ability

to return to work. The note was on Dr. Reddy's letterhead with Dr. Reddy's name typed but not

signed at the end of the note. The note stated appellant felt she could return to work on July 21, five days later, would then be limited to part-time work for one to two weeks, and "then if tolerated full-time."[1] Appellant alleged she returned to work the next day.

On July 21, 2009, Dr. Reddy's office manager, Candace Gauntt, sent a letter to appellant's employer that, appellant alleged, "contained false statements about [appellant] and placed [appellant's] character in an extremely bad light." The letter stated,

> Our patient, Crystal Monson (DOB . . . ) was seen in our office last Thursday, July 16, 2009. For that date of service she was treated and left with no work limitation. She was able to return to work unless symptoms such as fever occurred. Apparently, when receiving her note for work absence, she asked for a return date of 7/21/09 to be noted with limitations of working part time for one to two weeks, and then if tolerated full time. Unfortunat[e]ly our new employee that filled out this return to work note, misunderstood and thought the patient was stating what the doctor wanted and not her own decisions regarding when to return to work and how she could work. We do apologize for the inconvenience and hope this note corrects any problems on our end. A new return to work note is included. If you have further questions please feel free to call . . . .

Appellant was subsequently terminated by her employer, which appellant alleged was a direct and proximate result of Gauntt's letter.

On July 20, 2011, appellant sued Dr. Reddy, Gauntt, and the clinic alleging invasion of privacy by appellees' disclosure of confidential information, intentional infliction of emotional distress by making false statements about appellant to her employer and disclosing her confidential

---

[1] The note, dated July 16, 2009, stated

To Whom It May Concern

Crystal Monson has been under my care from 07/16/2009 to the present. [S]he has been in treatment for which [sic] has prevented a return to work. Presently Crystal feels that [sic] is able to return on 07/21/2009 with limitations as noted below.

Limitations/Remarks: Part-time for one to two weeks then if tolerated full-time.

If you have any questions about this matter please telephone me at the above telephone numbers.

Sincerely

Chanda Reddy, D.O.

information, breach of contract, and negligence by Dr. Reddy and the clinic by failing to properly supervise and train Gauntt and by failing to take proper steps to avoid the disclosure of appellant's confidential information. On November 28, 2011, more than 120 days after appellant filed her petition, appellees filed a motion to dismiss appellant's claims because appellant had not served them with an expert report as required by section 74.351 of the Texas Civil Practice & Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a) (West 2011). On December 13, 2011, appellant filed an amended petition and a response to appellees' motion to dismiss. The amended petition omitted most of the allegations of disclosure of confidential information and omitted appellant's claim for invasion of privacy. Following a hearing on appellees' motion to dismiss, the trial court granted appellees' motion and dismissed the cause.

## EXPERT-REPORT REQUIREMENT

In her issue on appeal, appellant contends the trial court erred by dismissing her claims for failing to file an expert report. Chapter 74 of the Texas Civil Practice and Remedies Code governs litigation involving medical liability. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.001–.507 (West 2011 & Supp. 2012).

### Standard of Review

Whether a cause of action is a health care liability claim is a question of law. *Lee v. Boothe*, 235 S.W.3d 448, 451 (Tex. App.—Dallas 2007, pet. denied). Ordinarily, we review the denial of a motion to dismiss pursuant to section 74.351 under an abuse of discretion standard. *See Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 877 (Tex. 2001); *Fudge v. Wall*, 308 S.W.3d 458, 460 (Tex. App.—Dallas 2010, no pet.). However, where the issues involve whether chapter 74 applies to the plaintiff's claims, we apply a de novo standard of review. *Nexus Recovery Ctr. v. Mathis*, 336 S.W.3d 360, 365 (Tex. App.—Dallas 2011, no pet.); *see Fudge*, 308

S.W.3d at 460 (courts apply de novo standard when resolution of issue requires interpretation of statute).

## Applicable Law

Dr. Reddy and the clinic are "physicians" under chapter 74. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.001(a)(23) (West Supp. 2012). Gauntt, as an employee of the clinic, is a "health care provider." *See id.* § 74.001(a)(12)(B)(ii). Section 74.351 requires that a claimant bringing a health care liability claim against a physician or health care provider serve an expert report on each party against whom a health care liability claim is alleged. *Id.* § 74.351(a). The reports must be served within 120 days after suit is filed. *Id.* If the claimant does not serve expert reports on the other parties, the trial court must dismiss the health care liability claims with prejudice. *Id.* § 74.351(b). The expert-report requirement applies to a patient's claims as long as the claims fall within the statutory definition of "health care liability claim." *Sloan v. Farmer*, 217 S.W.3d 763, 767 (Tex. App.—Dallas 2007, pet. denied).

"Health care liability claim" is defined as:

a cause of action against a health care provider or physician for treatment, lack of treatment, or other claimed departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care, which proximately results in injury to or death of a claimant, whether the claimant's claim or cause of action sounds in tort or contract.

CIV. PRAC. § 74.001(a)(13) (West Supp. 2012). To determine whether a cause of action is a health care liability claim, we examine the underlying nature of the claim, and we are not bound by the form of the pleading. *Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 847 (Tex. 2005). If the act or omission that forms the basis of the complaint is an inseparable part of the rendition of health care services, or if it is based on a breach of the standard of care applicable to health care providers, then the claim is a health care liability claim. *Garland Comm. Hosp. v. Rose*, 156 S.W.3d 541, 544

(Tex. 2004); *Sloan*, 217 S.W.3d at 767. If expert medical or health care testimony is necessary to prove or refute a claim against a physician or health care provider, then the claim is a health care liability claim. *Tex. W. Oaks Hosp. v. Williams*, 371 S.W.3d 171, 182 (Tex. 2012). When the essence of a suit is a health care liability claim, a party cannot avoid the requirements of the statute through artful pleading of the claims or recasting the claim as another cause of action. *Diversicare*, 185 S.W.3d at 851.

## Analysis

Appellant argues that her claims in her amended petition[2] are not health care liability claims and, therefore, the expert-report requirement did not apply to her claims. She asserts the tortious activity she alleged is separable from the health care she received. In her response to appellees' motion to dismiss, appellant explained that her suit was for appellees' accusing her in Gauntt's letter of being untruthful.

Appellant's breach of contract claim alleges appellees breached their duty to maintain the confidentiality of appellant's information.[3] A claim for wrongful disclosure of health care

---

[2] Appellant's original petition alleged appellees committed the alleged torts and breach of contract by disclosing confidential medical information. In *Sloan*, this Court held that claims against a physician or health care provider for wrongful disclosure of confidential health care information are health care liability claims subject to the expert-report requirement. *See Sloan*, 217 S.W.3d at 768. Accordingly, appellant's claims in her original petition were health care liability claims subject to the expert-report requirement. After the expiration of 120 days from the filing of appellant's original petition, appellees moved for dismissal of appellant's claims because she did not serve expert reports. Appellant then amended her petition omitting most of the allegations of disclosure of confidential information. Appellee argued to the trial court and in this Court that review of the trial court's decision to grant the motion to dismiss had to be based on appellant's claims as pleaded when the 120 days expired and not on appellant's amended claims filed after appellees moved to dismiss. *See Jones v. Ark-La-Tex*, 141 S.W.3d 790, 793 (Tex. App.—Texarkana 2004, no pet.). As discussed below, appellant's claims in her amended petition are also health care liability claims. Because we conclude appellant's claims in both her original and amended petitions are health care liability claims, we need not determine whether review should be limited to appellant's original petition.

[3] Appellant alleged in her breach of contract claim,

> Defendants breached the contract by refusing to perform its [sic] obligations under the contract. Specifically, Plaintiff did not pay for Defendant [sic] to disparage her but rather for confidentiality. Defendants breached by refusing to honor their agreement.

> The breach was material, because Defendant [sic] did not substantially perform a material obligation required under the contract.

> Plaintiff's injuries were a natural, probable, and foreseeable consequence of the Defendant's breach.

information is a health care liability claim subject to the expert-report requirement. *See Sloan*, 217 S.W.3d at 768 ("Maintaining the confidentiality of patient records is part of the core function of providing health care services."). Accordingly, appellant's cause of action for breach of contract is a health care liability claim and is subject to the expert-report requirement.

Appellant's causes of action for intentional infliction of emotional distress and negligence do not allege disclosure of confidential information. The intentional infliction of emotional distress cause of action alleged appellees caused appellant distress "[b]y making false statements about Plaintiff to her employer." The negligence cause of action alleged Dr. Reddy and the clinic were negligent in "[w]riting such a letter." Appellant asserts Gauntt's letter did not constitute health care. "'Health care' means any act or treatment performed or furnished, or that should have been performed or furnished, by any health care provider for, to, or on behalf of a patient during the patient's medical care, treatment, or confinement." CIV. PRAC. § 74.001(a)(10). Appellant argues that appellees' conduct in sending the letter to appellant's employer was outside the definition of health care because "the conduct at issue has nothing to do with medical care, treatment, or the release of confidential medical information." A physician or health care provider's note recommending that a patient have time off from work or modified working conditions is "health care" when the time off or modified working conditions are part of the patient's medical care or treatment. The note appellant received from the clinic was "health care" because the absence from work was based on appellant's treatment by Dr. Reddy. Gauntt's letter correcting Dr. Reddy's unsigned note concerning appellant's ability to return to work as a result of the medical care she received at the clinic was part of the health care provided appellant because it was "an act performed

---

The only contractual obligation appellant alleged was confidentiality, which she alleged appellees breached. Appellant did not allege appellees had a contractual obligation not to disparage her.

. . . by [a] health care provider . . . on behalf of a patient during the patient's medical care." The fact that the letter may have contained false information or impugned appellant's character does not take the letter out of the definition of "health care."

Appellant asserts that not every claim by a patient against a physician is a health care liability claim. *See Marks v. St. Luke's Episcopal Hosp.*, 319 S.W.3d 658, 664 (Tex. 2010) (Medina, J., joined by Hecht, J.). Although this may be true, it has no bearing on whether appellant's claims in this case are health care liability claims. *See Nexus Recovery Ctr. v. Mathis*, 336 S.W.3d 360 (Tex. App.—Dallas 2011, no pet.) (plaintiff's claims against alcohol and drug-abuse treatment center for sexual exploitation by counselor after plaintiff left treatment center were not health care liability claims).

Appellant argues that an expert report in this case would not involve analysis of health care but only an analysis of the consequences of Gauntt's letter describing appellant as a dishonest person. Appellant alleged Gauntt's letter "contained false statements about" appellant. Gauntt's letter included statements that appellant had no work restrictions after the medical care she received. Expert medical testimony will be necessary to establish whether work restrictions were medically appropriate. Moreover, the fact that expert testimony might not be necessary at trial does not mean the claim is not a health care liability claim. *See Sloan*, 217 S.W.3d at 768.

Appellant also argues that her claims are separable from the underlying facts of her medical treatment. However, the splicing of a health care liability claim into other causes of action is not permitted. *Diversicare*, 185 S.W.3d at 854. When the essence of the suit is a health care liability claim, a party cannot avoid the requirements of the statute by attempting to recast a health care liability claim as a different cause of action through artful pleading. *Sloan*, 217 S.W.3d at 767; *see Lee*, 235 S.W.3d at 451 (and cases cited therein).

We conclude the essence of appellant's suit is a health care liability claim. Accordingly, appellant's causes of action meet the definition of "health care liability claim," and the trial court did not err by dismissing appellant's claims for failing to file expert reports as required by section 74.351. We overrule appellant's issue.

We affirm the trial court's judgment.

_____
LANA MYERS
JUSTICE

120099F.P05



# Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

CRYSTAL MONSON, Appellant

No. 05-12-00099-CV     V.

ALLEN FAMILY FIRST CLINIC, P.A., CHANDANA REDDY, AND CANDACE GAUNTT, Appellees

Appeal from the County Court at Law No. 6 of Collin County, Texas. (Tr.Ct.No. 006-02223-2011).

Opinion delivered by Justice Myers, Justices Moseley and Fillmore participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**. It is **ORDERED** that appellees Allen Family First Clinic, P.A., Chandana Reddy, and Candace Gauntt recover their costs of this appeal from appellant Crystal Monson.

Judgment entered November 21, 2012.

LANA MYERS
JUSTICE