ACCEPTED
05-14-00847-CV
FIFTH COURT OF APPEALS
DALLAS, TEXAS
5/12/2015 9:34:35 AM
LISA MATZ
CLERK

No. 05-14-00847-CV

**In the Court of Appeals for the
Fifth District of Texas**

FILED IN
5th COURT OF APPEALS
DALLAS, TEXAS

5/12/2015 9:34:35 AM

LISA MATZ
Clerk

WILLIAM BRUCE SHERRILL, DDS, AND
SHAW & SHERILL, DDS,

*Appellants,*

v.

BUFFIE G. WILLIAMS

*Appellee.*

On Appeal from 162nd District Court of Dallas County, Texas
Cause No. DC-13-10538

**APPELLANTS' MOTION FOR EN BANC RECONSIDERATION**

Sean Cox
State Bar No. 24031980
Law Offices of Sean R. Cox
P.O. Box 130864
Dallas, TX 75313
Telephone: 214-500-9280
Fax: 877-270-0978
scox@coxappellate.com

Mr. Bruce W. Steckler
State Bar No. 00785039
Steckler, LLP
12720 Hillcrest Road - Suite 1045
Dallas, TX 75230
Telephone: 972-387-4040
Fax: 972-387-4041
bruce@stecklerlaw.com

**Counsel for Appellants**

**ORAL ARGUMENT REQUESTED**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES………………………………………………………....iv

ISSUES PRESENTED……………………………………………………………vi

INTRODUCTION…………………………………………………….……………1

ARGUMENTS AND AUTHORITIES……………………………………………….3

I.     Appellant was not required to object to the "Preliminary Report" submitted by Appellee because it was not a report under the requirements of Texas Civil Practice & Remedies Code § 74.351 and Texas Supreme Court precedent…………………………………………...3

     A.     The Stewart "Preliminary Report" was not an expert report on medical causation because it was not from an "individual with expertise."………………………………………………………….3

     B.     Contrary to the Court's Opinion, Appellants identified the *Scoresby* standard the Stewart Preliminary Report fails to satisfy — that the report be from an "individual with expertise."……7

     C.     The Opinion in this case skips the initial step of determining whether an expert report exist by first requiring an objection to the report…………………………………………………………...9

     D.     No objection is required to a plaintiff's failure to file an expert report from an "individual with expertise."…………………………10

     E.     The Court's requirement that a defendant object to reports that are not reports at all undermines the policies behind Texas Civil Practice & Remedies Code § 74.351…………………………..14

II.    Appellee's cause of action for assault by threat of bodily injury should have been dismissed………………………………………..15

CONCLUSION…………………………………………………………...17

CERTIFICATE OF SERVICE…………………………………………………18

CERTIFICATE OF COMPLIANCE………………………………………...18

APPENDIX

     Opinion……………………………………………………………Tab A

# TABLE OF AUTHORITIES

## Cases

*Am. Transitional Care Centers of Texas, Inc. v. Palacios,*
    46 S.W.3d 873 (Tex. 2001)…………………………………………5,15

*Bakhtari v. Estate of Dumas,*
    317 S.W.3d 486 (Tex. App.–Dallas 2010, no pet.) …………………10-11,12

*Certified EMS, Inc. v. Potts,*
    392 S.W.3d 625 (Tex. 2013) ………………………………………….4

*Cooper Tire & Rubber Co. v. Mendez,*
    204 S.W.3d 797 (Tex. 2006) ………………………………………….5

*Farishta v. Tenet Healthsystem Hospitals Dallas, Inc.,*
    224 S.W.3d 448 (Tex. App.–Fort Worth 2007, no pet.)……………….....16

*Hollingsworth v. Springs,*
    353 S.W.3d 506 (Tex. App.–Dallas 2011, no pet.)………………………6,16

*Hightower v. Baylor Univ. Med. Ctr.,*
    348 S.W.3d 512 (Tex. App.–Dallas 2011, pet. denied)……………………14

*In re Jorden,*
    249 S.W.3d 416 (Tex.2008) (orig. proceeding)………………………...14-15

*In re Lumsden,*
    291 S.W.3d 456 (Tex. App.–Houston [14th Dist.] 2009, no pet.)…………14

*In re McAllen Med. Ctr., Inc.,*
    275 S.W.3d 458 (Tex.2008) (orig. proceeding)………………………...14,15

*Loaisiga v. Cerda,*
    379 S.W.3d 248 (Tex. 2012)…………………………………………..*passim*

*Monson v. Allen Family First Clinic, P.A.,*
    390 S.W.3d 598 (Tex. App.–Dallas 2012, no pet.)………………………….5

*Murphy v. Russell*,
      167 S.W.3d 835 (Tex. 2005)……………………………………………..5,14

*Scoresby v. Santillan*,
      346 S.W.3d 546 (Tex. 2011)…………………………………………….*passim*

*Sloan v. Farmer*,
      217 S.W.3d 763 (Tex. App.–Dallas 2007, pet. denied)……………………..5

*Windsor v. Maxwell*,
      121 S.W.3d 42 (Tex. App.–Fort Worth 2003, pet. denied) ……………15-16

## **Statutory Authority**

TEX. CIV. PRAC. & REM. CODE § 74.351…………………………………..*passim*

# ISSUES PRESENTED

I.      Whether the Court's Opinion in this case errs in refusing to consider whether a report required under Texas Civil Practice & Remedies Code § 74.351 has been served based on the failure to meet the minimal requirement of being from an "individual with expertise," in the absence of an objection to the purported report.

II.     Whether the Court's Opinion in this case errs in refusing to consider whether a report required to be served under Texas Civil Practice & Remedies Code § 74.351satisfies the minimal requirement of identifying the specific conduct at issue, in the absence of an objection to the purported report.

No.  05-14-00847-CV

**In the Court of Appeals for the
Fifth District of Texas**

WILLIAM BRUCE SHERRILL, DDS, AND
SHAW & SHERILL, DDS,

*Appellants,*

v.

BUFFIE G. WILLIAMS

*Appellee.*

On Appeal from the 162ⁿᵈ District Court of Dallas County, Texas
Cause No. DC-13-10538

**APPELLANTS' MOTION FOR EN BANC RECONSIDERATION**

COME NOW, Appellants, William Bruce Sherrill, D.D.S. and Shaw & Sherrill, D.D.S., d/b/a Dental Associates of North Dallas, a/k/a North Central Dental, and file this Motion for En Banc Reconsideration.  In support thereof, Appellants would show the Court as follows:

**INTRODUCTION**

The Court should grant en banc reconsideration in this case because the Opinion issued by the Court conflicts with well-established precedent of the Texas

Supreme Court regarding the minimum requirements for an expert report under Texas Civil Practice & Remedies Code § 74.351. Specifically, the Court's holding that an objection is required to challenge a report submitted under Section 74.351, before a determination that the document even qualifies as a report, is inconsistent with the Texas Supreme Court precedent of *Scoresby v. Santillan*, 346 S.W.3d 546, 557 (Tex. 2011) and *Loaisiga v. Cerda*, 379 S.W.3d 248, 260 (Tex. 2012). No objection is necessary to a document that does not satisfy the most fundamental requirement of being from an individual with expertise. If the purported report is not from an individual with expertise, it is not a mere deficiency, but rather no report at all. In such circumstances, the defendant need only move to dismiss. Here, the submitted "Preliminary Report" is not from an individual with expertise in medical causation. Thus, no objection was necessary and the trial court should have dismissed the case because 120 days had expired since the filing of Defendants' Answer and no report from an individual with expertise in causation was submitted by plaintiff.[1]

Additionally, this Court should have reversed the trial court's refusal to dismiss the plaintiff's cause of action for assault by threat because no specific threat is identified in the "Preliminary Report." Because a report is required to

---

[1] Essentially, this Court has held that a plaintiff can submit no report at all on causation and unless the defendant objects to such failure within 21 days of the plaintiff filing another report solely on the standard of care, the defendant is barred from moving to dismiss based on the complete failure to file a causation report. This result is contrary to Texas law and undermines the purposes and policies underlying the expert report.

identify the specific conduct of which the plaintiff complains, and no such identification appears in the "Preliminary Report," the report does not satisfy the basic requirements of a report. No objection was required, yet this Court did not consider the complaint because a timely objection was not raised.

In sum, the Court has held that none of the trial court's errors need be addressed because no objection was raised to the adequacy of the "Preliminary Report", regardless of the fact that the "Preliminary Report" does not satisfy the Texas Supreme Court's definition of a report. En banc reconsideration is warranted to correct these errors.

## ARGUMENTS AND AUTHORITIES

I. **Appellant was not required to object to the "Preliminary Report" submitted by Appellee because it was not a report under the requirements of Texas Civil Practice & Remedies Code § 74.351 and Texas Supreme Court precedent.**

A. **The Stewart "Preliminary Report" was not an expert report on medical causation because it was not from an "individual with expertise."**

In its Opinion in this case, this Court held Appellants waived all objections to the "Preliminary Report" of Dr. Larry Stewart by not timely objecting to the report. The Court's Opinion is in error in several respects.

The central problem with the Court's Opinion is confusion over whether a report that does not meet the minimum requirements set forth by the Texas Supreme Court is a deficient report or no report at all. If the report is merely

deficient, then an objection must be timely raised. If, however, the submission does not meet the minimum requirements for an expert report, then no objection is necessary and the case must be dismissed for failure to file the required report.

Here, the Stewart "Preliminary Report" could not serve as the required expert report because it did not meet the minimal requirements for a report as set forth by the Texas Supreme Court in *Scoresby v. Santillan*, 346 S.W.3d 546, 557 (Tex. 2011). In *Scoresby*, the Texas Supreme Court held that in order to be a valid expert report, the submission must be from "**an individual with expertise**" and fairly summarize the applicable standard of care; explain how a physician or health care provider failed to meet that standard; and **establish the causal relationship between the failure and the harm alleged**. *See Scoresby v. Santillan,* 346 S.W.3d 546, 549 (Tex. 2011); *see also Certified EMS, Inc. v. Potts*, 392 S.W.3d 625, 630 (Tex. 2013) (citing TEX. CIV. PRAC. & REM. CODE § 74.351(r)(6)). "**[I]f a report does not meet the standard set in *Scoresby***, **it is not an expert report under the statute,**" and the trial court must dismiss the plaintiff's claims if the defendant has properly moved for dismissal." *Loaisiga v. Cerda*, 379 S.W.3d 248, 260 (Tex. 2012) (emphasis added); TEX. CIV. PRAC. & REM. CODE § 74.351(b). Failing to satisfy these minimum requirements is not a mere deficiency. Rather, "it is not an expert report under the statute." *Loaisiga*, 379 S.W.3d at 260.

The key failing in the Stewart Preliminary Report is that it was not from an

"individual with expertise" regarding medical causation.[2] Indeed, **Stewart's lack of expertise in medical causation is not even in dispute.** The only arguments raised by Appellee regarding the lack of an expert causation opinion is that a timely objection to the Stewart Preliminary Report was not raised and that medical causation testimony is not needed in this case.[3] At no time, however, does Plaintiff claim Stewart is an "individual with expertise" in medical causation.[4]

Importantly, in considering the *Scoresby* requirement that the report be from an "individual with expertise," the proffered medical expert's qualifications must be evident from the four corners of the expert report and curriculum vitae, and demonstrate expertise in regard to the "actual subject about which they are offering an opinion." *Cooper Tire & Rubber Co. v. Mendez*, 204 S.W.3d 797, 800 (Tex. 2006); *see generally Am. Transitional Care Centers of Texas, Inc. v. Palacios,* 46 S.W.3d 873, 878 (Tex. 2001). Here, the only proffered expert report even mentioning causation was from an oral surgeon offering opinions on causation of

---

[2] To the extent Dr. Stewart offers any opinions on causation they are purely conclusory. This is unsurprising considering Dr. Stewart is no more qualified than any laymen at drawing a causal connection to the alleged injuries and damages in this case.

[3] Appellees argument that an expert report from an individual with expertise in causation is not required because it allegedly will not be necessary at trial has been rejected by this Court and the Texas Supreme Court. *Murphy v. Russell*, 167 S.W.3d 835, 838 (Tex. 2005) ("A claim may be a health care liability claim to which the damage caps and expert report requirements are applicable and yet not require expert testimony to prevail at trial."); *Monson v. Allen Family First Clinic, P.A.,* 390 S.W.3d 598, 603 (Tex. App.–Dallas 2012, no pet.) (citing *Sloan v. Farmer*, 217 S.W.3d 763, 768 (Tex. App.–Dallas 2007, pet. denied).

[4] Notably, this Court did not hold Dr. Stewart's report to be from an "individual with expertise" in medical causation.

back injuries, emotional trauma, and economic losses related to an alleged assault by a dentist. CR 20, 23. This simply cannot satisfy even the most strained interpretation of the expert report requirements. Even if the Stewart "Preliminary Report" could satisfy the requirements as to the standard of care,[5] the four corners of his expert report and curriculum vitae demonstrate he cannot in regard to medical causation.

Given that Dr. Stewart is obviously not an "individual with expertise" as to medical causation in this case, Appellee needed to submit a separate report from an expert in medical causation by the deadline contained in Texas Civil Practice & Remedies Code § 74.351. *See Hollingsworth v. Springs*, 353 S.W.3d 506, 512 (Tex. App.–Dallas 2011, no pet.) (submitting expert reports from an anesthesiologist, a health care administration consultant, and a perioperative nurse). This procedure is specifically permitted by Texas Civil Practice & Remedies Code § 74.351, which provides that reports may be furnished by "one or more expert reports" in order to satisfy the report requirements. TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a).

There is absolutely no requirement that a defendant object to a report because it only addresses the standard of care and not causation. Under Section

---

[5] Appellants dispute Dr. Stewart is qualified to offer standard of care opinions in this case. For purposes of this motion for rehearing, however, Appellants focus on Dr. Stewart's lack of expertise regarding to medical causation because it is obvious and undisputed.

74.351, a defendant may wait until the plaintiff submits an expert report from separate individuals with expertise in standard of care and medical causation, and if one of those reports is not submitted within 120 days of the defendant's original answer being filed, as here, the defendant may obtain a dismissal of the suit. Defendants are not required to guess that the report that is furnished will be the only report to be filed, nor are defendants required to object to the report as not being from an individual with expertise as to medical causation. It is the plaintiff's burden to submit appropriate reports that at least met the minimum requirement of being from an "individual with expertise."

Because the "Preliminary Report" was not from an "individual with expertise" it was not a report at all. This is not simply a question of inadequacy, but existence. Because the "Preliminary Report" does not satisfy the minimum requirements for an expert report, the trial court should have dismissed the case.

**B.      Contrary to this Court's Opinion, Appellants identified the *Scoresby* standard the Stewart Preliminary Report fails to satisfy — that the report be from an "individual with expertise."**

This appeal is primarily based on the Texas Supreme Court cases of *Scoresby v. Santillan* and *Loaisiga v. Cerda*. In fact, the majority of the briefing focuses on the standards set forth in *Scoresby*, and later relied upon by *Loaisiga*. Inexplicably, this Court's Opinion, in refusing to address the argument that the "Preliminary Report" was no report at all, based its refusal in part on Appellants'

alleged failure to "identify the 'standard set in *Scoresby*' to which *Loaisiga* refers." Opinion at 4. This statement is incorrect. Appellants' briefing identifies the specific *Scoresby* standard to which *Loaisiga* refers and which Appellee failed to satisfy in this case – that the report be from an "individual with expertise."[6] This standard is repeatedly referenced throughout Appellants' briefing. Regardless, this Court itself identified the standard when quoting *Scoresby* in its Opinion – "a report meets the minimal standard 'if it contains the opinion of an individual with expertise that the claim has merit, and if the defendant's conduct is implicated.'" Opinion at 4 (quoting *Scoresby v. Santillan*, 346 S.W.3d 546, 557 (Tex. 2011)). Obviously, the relevant standard referred to in *Loaisiga* is that the report must be from an "individual with expertise."

The Court's statement that Appellants did not identify the *Scoresby* standard to which *Loaisiga* refers suggests the Court did not consider whether the Stewart "Preliminary Report" was authored by an "individual with expertise." If this is true, then the Court never considered whether Appellee's submission was an actual report. Given the fundamental nature of this inquiry, the Court should grant this motion for en banc reconsideration and consider whether the Stewart "Preliminary Report" is from an individual with expertise in medical causation.

---

[6] *See e.g.*, Appellants' Brief at 1-2, 17-23, 26; Appellants' Reply Brief at 10-12 ("A report from an individual who is not an 'individual with expertise,' does not meet the minimum requirements for an expert report, and such is not a mere deficiency, 'it is not an expert report under the statute.' *Loaisiga*, 379 S.W.3d at 260.").

**C.** **The Opinion in this case skips the initial step of determining whether an expert report exist by first requiring an objection to the report.**

The most troubling aspect of the Opinion is that it reverses the analysis called for by the Texas Supreme Court. As stated in the Opinion, "Appellants failed to make a proper challenge to the Preliminary Report, so we need not determine whether the report meets the minimal *Scoresby* standard." Opinion at 4. This turns the analysis completely on its head. It is necessary to first determine if the report meets the minimal *Scoresby* standard in order to determine if any report exists to which an objection to a deficiency might be necessary. The question of whether a report is deficient is never reached if the minimal requirements are not met. Because the Court did not first determine if the report met the *Scoresby* standard of being from an individual with expertise in medical causation, the Court skipped over the most fundamental consideration —whether the Stewart submission was a report at all.

Before a court can analyze the necessity of an objection, it is necessary that the Court determine that a report satisfying the *Scoresby* standard even exists. Because the Court did not perform the analysis called for by the Texas Supreme Court, the question of whether the "Preliminary Report" was from an "individual with expertise" in medical causation was never answered. If no such report exists, then no objection could possibly be required.

The Court should take this opportunity to reconsider this appeal, determine if the report at issue meets the minimal *Scoresby* standard of being from an "individual with expertise" in medical causation, and if it does not, dismiss the case.

**D.     No objection is required to a plaintiff's failure to file an expert report from an "individual with expertise."**

This Court also incorrectly held that the only way to make a proper challenge to a report (that is actually no report at all), is for a defendant to object to the report within 21 days of it being filed. In so holding, the Court relies on *Bakhtari v. Estate of Dumas*, 317 S.W.3d 486 (Tex. App.–Dallas 2010, no pet.). Such reliance is misplaced. In *Bakhtari*, the issue was not whether the report was from an individual with expertise. Instead, the complaint in *Bakhtari* was that the report was not from a physician of the same geographic location. This is a perfect example of a report that meets the minimal requirement of being from an "individual with expertise," but still being deficient. There was no dispute that the expert in *Bakhtari* was a physician and an "individual with expertise." The objection in Bakhtari was simply that the expert was "not qualified to render an expert opinion on the standard of care in this case in light of the common-law 'community-standard rule, or the locality rule.'" *Id*. at 494. Thus, this Court held an objection to the expert's qualifications was required. Had the expert in *Bakhtari* not been a physician and had no expertise in medical causation, as here, the report

would not be merely deficient, but rather no report at all. Thus, although an objection was necessary in *Bakhtari*, none was necessary here, and *Bakhtari* does not serve as precedent for refusing to consider Defendants' complaints.

The Opinion in this case also appears to err by interpreting "challenge" to only mean "objection." Although challenging a deficient expert report may require an objection, when no report is filed, an objection is not required. Rather, the proper way to *challenge* the failure to file an expert report is simply *moving to dismiss*. TEX. CIV. PRAC. & REM. CODE 74.351(b);[7] *Loaisiga*, 379 S.W.3d at 260 ("But if a report does not meet the standard set in *Scoresby*, it is not an expert report under the statute, and the trial court must dismiss the plaintiff's claims if the defendant has properly moved for dismissal."). Likewise, the proper way to *challenge* the failure to file an expert report satisfying the *Scoresby* standard is by *moving to dismiss* because failure to satisfy the *Scoresby* standard means no report was actually submitted. The Court's interpretation of the term "challenge" is unjustifiably narrow. As provided by statute and the Texas Supreme Court, the proper manner to challenge a report that does not meet the standard set in *Scoresby*

---

[7] (b) If, as to a defendant physician or health care provider, an expert report has not been served within the period specified by Subsection (a), the court, on the motion of the affected physician or health care provider, shall, subject to Subsection (c), enter an order that:

   (1) awards to the affected physician or health care provider reasonable attorney's fees and costs of court incurred by the physician or health care provider; and

   (2) dismisses the claim with respect to the physician or health care provider, with prejudice to the refiling of the claim.

TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(b).

is by moving to dismiss.

The Court's Opinion also creates problems with the timing requirements under Texas Civil Practice & Remedies Code § 74.351. For instance, plaintiffs can satisfy the expert report requirements by submitting multiple expert reports (such as one from an expert on standard of care and one from an expert on causation).[8] The plaintiff has 120 days from the date the answer is filed to submit such reports. The timing problem occurs when both reports are not filed at the same time, such as one being filed immediately after the answer and another report being filed months later. Must a defendant object within 21 days of the first expert report being submitted because it does not address both standard of care and medical causation, or may a defendant wait the 120 days and then move to dismiss if the second expert report is not submitted? If defendants wait to see if the second expert report is filed, have they waived any challenge to the fact that the report is inadequate or no report at all? This is very similar to the situation in the present case, where a "Preliminary Report" was submitted by an individual without expertise in medical causation, and Defendants waited until the time period expired to submit expert reports before complaining as to the absence of a medical causation report. Can it honestly be said that a defendant must object to the absence of a report when there is still time for the plaintiff to serve the report? No

---

[8] Interestingly, this is what was done in *Bakhtari*.

such requirement appears in case law or the language of the health care liability statutes, at least until this Court's Opinion.

Another way to look at the effect of the Opinion is in the circumstances of a "safety" health care liability case wherein a hospital administrator would be the appropriate standard of care expert. Under this Court's opinion, the hospital administrator providing the report as to the standard of care could also provide causation opinions and a defendant would have to object to the administrator's report as inadequate, rather than waiting until an individual with expertise in causation submits a report. It is obvious the administrator would not be an individual with expertise in causation, yet by merely mentioning a speculative opinion on causation, the administrator's report would be treated, according to this Court's Opinion, as being from an "individual with expertise."

In short, no objection is required to an expert report that fails to satisfy the *Scoresby* minimal requirements for an expert report because "if a report does not meet the standard set in *Scoresby,* it is not an expert report under the statute, and the trial court must dismiss the plaintiff's claims if the defendant has properly moved for dismissal." 379 S.W.3d 248, 260 (Tex. 2012). Failing to file a report from an "individual with expertise" is not an objectionable deficiency. It is as if no report has been filed at all. No objection is required. A defendant must simply move for dismissal. That is precisely what was done here.

**E.** **The Court's requirement that a defendant object to reports that are not reports at all undermines the policies behind Texas Civil Practice & Remedies Code § 74.351.**

In addition to conflicting with the Texas Supreme Court's holdings in *Scoresby* and *Loaisiga*, this Court's ruling undermines the entire purpose of Texas Civil Practice & Remedies Code § 74.351 — to "identify frivolous claims and reduce the expense and time to dispose of any that are filed." *Loaisiga*, 379 S.W.3d at 258; *Scoresby*, 346 S.W.3d at 554 (citations omitted) ("The purpose of the expert report requirement is to deter frivolous claims, not to dispose of claims regardless of their merits."); *Hightower v. Baylor Univ. Med. Ctr.*, 348 S.W.3d 512, 522 (Tex. App.–Dallas 2011, pet. denied) ("With the expert report requirement, the legislature imposed a threshold to prevent frivolous lawsuits from proceeding until a good-faith effort has been made to demonstrate that at least one expert believes that a breach of the applicable standard of care caused the claimed injury.")(citing *Murphy v. Russell*, 167 S.W.3d 835, 838 (Tex. 2005)).

"The Legislature has repeatedly found that traditional rules of litigation create an ongoing crisis in the cost and availability of medical care." *In re Lumsden*, 291 S.W.3d 456, 460-61 (Tex. App.–Houston [14th Dist.] 2009, no pet.) (citing *In re McAllen Med. Ctr., Inc.,* 275 S.W.3d 458, 461 (Tex.2008) (orig. proceeding)). "To decrease the costs associated with frivolous suits, expert reports are required soon after filing as a means of separating meritorious claims from

frivolous or premature claims." *Id.* at 461 (citing *In re Jorden,* 249 S.W.3d 416, 420 (Tex.2008) (orig. proceeding)); *see also In re McAllen Med. Ctr., Inc.,* 275 S.W.3d at 461 (explaining, to address crises in cost of healthcare, Legislature requires that health care claims must be supported with expert reports). If an expert report from an individual completely lacking in expertise regarding medical causation is sufficient, it would render the requirements under Texas Civil Practice & Remedies Code § 74.351 essentially meaningless and would ignore the Legislature's goals. The Court should grant this motion for en banc reconsideration and clarify that a report must first satisfy the minimal requirement of being from an "individual with expertise" before requiring an objection.

## II. Appellee's cause of action for assault by threat of bodily injury should have been dismissed.

This Court also held that Appellee's cause of action for assault by threat of bodily injury is not subject to dismissal because no objection was raised within 21 days of the filing of the Stewart "Preliminary Report." This was error because the report fails to satisfy the *Scoresby* requirements for an expert report in that it fails to identify any alleged threat of bodily injury. As held by the Texas Supreme court in *Palacios*, "the report must inform the defendant of **the specific conduct** the plaintiff has called into question." *Am. Transitional Care Centers of Texas, Inc. v. Palacios*, 46 S.W.3d 873, 879 (Tex. 2001) (emphasis added); *Loaisiga*, 379 S.W.3d at 260 (citing *Scoresby*, 346 S.W.3d at 556); *see also Windsor v. Maxwell*,

121 S.W.3d 42, 51 (Tex. App.–Fort Worth 2003, pet. denied) ("To inform the defendant of the specific conduct the plaintiff has called into question, the report must support the cause of action alleged by the plaintiff in its pleadings. To hold otherwise would lead to easily imagined absurd results.").  If the report does not even inform the defendant of the specific conduct alleged to form the plaintiff's cause of action, it does not meet even the minimum requirements of an expert report, *at least for that cause of action*. *Hollingsworth*, 353 S.W.3d at 512; *Windsor*, 121 S.W.3d at 51. Any plain reading of the expert report demonstrates that it does not even mention a threat of bodily harm. The failure of Stewart's "Preliminary Report" to address the allegation that Appellant Sherrill threatened to inflict bodily injury upon Appellee is fatal to this cause of action,[9] and it should have been dismissed. *Hollingsworth*, 353 S.W.3d at 522 (Tex. App.–Dallas 2011, no pet.); *Farishta v. Tenet Healthsystem Hospitals Dallas, Inc.*, 224 S.W.3d 448, 455 (Tex. App.–Fort Worth 2007, no pet.) (sustaining dismissal of claims not addressed in expert report).  This Court's Opinion does not address this failure, but rather holds that any failings in the expert report must be objected to within 21 days after it is served, even when those failings result in a submission that is the equivalent of no report at all.  This is contrary to Texas Supreme Court precedent

---

[9] Although Stewart does mention allegations that Appellee was placed in fear of physical assault and that a party subjected to a threat of physical violence can suffer damages, nowhere does Stewart identify an actual threat of bodily injury.

and Texas Civil Practice & Remedies Code § 74.351. The Court should grant rehearing and address all of the complaints raised by Appellants.

## CONCLUSION

For the foregoing reasons, Appellants respectfully request that this Court grant this Motion for En Banc Reconsideration, reverse the trial court's denial of Appellants' motion to dismiss Appellee's causes of action, dismiss Appellee's claims with prejudice (or remand to the trial court with instructions to do the same), and award Appellants attorneys' fees and costs incurred in this case.

Respectfully submitted,

*/s/ Bruce W. Steckler*
Bruce W. Steckler
State Bar No. 00785039
STECKLER, LLP
12720 Hillcrest Road - Suite 1045
Dallas, TX 75230
Telephone: 972-387-4040
Fax: 972-387-4041
bruce@stecklerlaw.com

Sean Cox
State Bar No. 24031980
LAW OFFICES OF SEAN R. COX
P.O. Box 130864
Dallas, TX 75313
Telephone: 214-500-9280
Fax: 877-270-0978
scox@coxappellate.com

## CERTIFICATE OF SERVICE

This is to certify that on the 12th day of May, 2015, a true and correct copy of the above and foregoing instrument was served via U.S. Mail, Fax and/or Electronic Service, upon the following counsel of record in accordance with the Texas Rules of Civil Procedure:

Price L. Johnson
The Johnson Firm
8750 N. Central Expressway, Suite 1010
Dallas, TX  75231

*/s/ Bruce W. Steckler*
Bruce W. Steckler


## CERTIFICATE OF COMPLIANCE

Based on a word count run in Microsoft Word 2010, this *Appellants' Motion for En Banc Reconsideration* contains 4210 words, excluding the portions of the document exempt from the word count under Texas Rule of Appellate Procedure 9.4(i)(1).

*/s/ Bruce W. Steckler*
Bruce W. Steckler

# Appendix Tab A



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-14-00847-CV

**WILLIAM BRUCE SHERRILL, D.D.S. AND SHAW & SHERRILL, D.D.S., Appellants**
**V.**
**BUFFIE G. WILLIAMS, Appellee**

**On Appeal from the 162nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-13-10538**

## MEMORANDUM OPINION

Before Justices Francis, Myers, and Brown
Opinion by Justice Brown

In this interlocutory appeal, appellants William Bruce Sherrill, D.D.S. and Shaw & Sherrill, D.D.S. challenge the trial court's refusal to dismiss appellee Buffie G. Williams's claims against them pursuant to Chapter 74 of the Texas Civil Practice and Remedies Code. In three issues, appellants contend the trial court erred in denying their motion to dismiss because Williams "fail[ed] to serve an expert report" as to the appropriate standard of care and causation, and failed completely to address one cause of action in the report. Because appellants waived these objections to Williams's report, we affirm the trial court's order.

Williams was employed by appellants as a dental assistant. Her claims grow out of a confrontation with Sherrill during work hours. Williams contends the altercation culminated with Sherrill pushing her to the ground, kicking her, and holding her down. Appellants contend

Williams tripped and fell. Following this incident, Williams no longer worked for appellants. Williams contends she was fired by Sherrill; appellants contend she abandoned her job.

Williams filed suit against appellants, pleading causes of action for assault and negligence. She attached a document titled the "Preliminary Report" of Larry R. Stewart, D.D.S., M.S. and his curriculum vitae to her petition and served them on appellants simultaneously with the petition. Appellants answered, generally denying Williams's allegations, asserting a number of affirmative defenses, and pleading counterclaims for defamation, tortious interference, breach of contract, malicious prosecution, intentional infliction of emotional distress, fraud, and abuse of process.

On May 9, 2014, appellants filed their motion to dismiss. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351 (West Supp. 2014). Appellants argued Williams had asserted health care liability claims within the meaning of Chapter 74, but she had failed to provide an expert report required by that chapter. Specifically, appellants argued Stewart, an oral surgeon, was not qualified to provide an expert report (a) on human resources or office administration issues in a dentistry practice, or (b) on medical or psychiatric causation. Appellants argued further that the Preliminary Report did not address Williams's claim for assault by threat of bodily injury. Williams responded to the motion, arguing appellants had waived any objections to the Preliminary Report by failing to lodge those objections within twenty-one days of filing their answer. She argued alternatively that the Preliminary Report was adequate to satisfy the requirements of Chapter 74 or, again in the alternative, that she should be granted an extension to provide an amended report. The trial court heard arguments and denied the motion.

Appellants filed this interlocutory appeal, making the same arguments concerning the Preliminary Report," namely that Stewart was unqualified to offer expert testimony in this case and his report did not address all of Williams's claims. We review the denial of a motion to

dismiss filed pursuant to section 74.351 under an abuse of discretion standard. *Nexus Recovery Ctr., Inc. v. Mathis*, 336 S.W.3d 360, 364 (Tex. App.—Dallas 2011, no pet.).

The threshold issue for our determination is whether appellants' complaints were untimely and waived as a result. Williams relies on Chapter 74's dictates concerning expert reports. The relevant provision begins by describing the claimant's responsibility to file her report "not later than the 120th day after the date each defendant's original answer is filed." TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a). The statute goes on to provide that:

> Each defendant physician or health care provider whose conduct is implicated in a report must file and serve any objection to the sufficiency of the report not later than the later of the 21st day after the date the report is served or the 21st day after the date the defendant's answer is filed, failing which all objections are waived.

*Id.* Williams served the Preliminary Report on September 6, 2013, and appellants answered on October 7, 2013. Thus, appellants' objections to the Preliminary Report were to be filed and served by October 28, 2013, twenty-one days after appellants answered. *See id.* Appellants filed no objections to the Preliminary Report until they filed their motion to dismiss on May 9, 2014, which was 193 days after objections were due.

Appellants argue that because Stewart was unqualified to offer expert opinions in this case as to both standard of care and causation, his report was the equivalent of no report at all. In the absence of any valid expert report, he contends, he had no obligation to file objections. This Court has considered and rejected appellants' argument that a report from a purportedly unqualified expert is tantamount to no report at all. *See Bakhtari v. Estate of Dumas*, 317 S.W.3d 486, 492 (Tex. App.—Dallas 2010, no pet.). In that case, we applied the plain language of section 74.351(a) and concluded that "when a report and CV are timely served on a defendant physician, any objections to the expert's qualifications, and any objections to the sufficiency of the report, must be raised by the defendant within 21 days after service of the report and CV." *Id.* at 493.

Appellants rely on the Texas Supreme Court's opinion in *Loaisiga v. Cerda*, in which that court said "if a report does not meet the standard set in *Scoresby [v. Santillan]*, it is not an expert report under the statute, and the trial court must dismiss the plaintiff's claims if the defendant has properly moved for dismissal." 379 S.W.3d 248, 260 (Tex. 2012). But appellants fail to identify the "standard set in *Scoresby*" to which *Loaisiga* refers. In *Scoresby*, the Supreme Court concluded a report meets the minimal standard "if it contains the opinion of an individual with expertise that the claim has merit, and if the defendant's conduct is implicated." *Scoresby v. Santillan*, 346 S.W.3d 546, 557 (Tex. 2011). More important for our purposes, the Supreme Court makes clear that any determination as to whether a report meets these minimal *Scoresby* requirements is to be made "[w]hen the document purporting to be an expert report is timely served in an HCLC and is properly challenged." *Loaisiga*, 379 S.W.3d at 260. A report is "properly challenged" by objections filed within the relevant twenty-one day window. TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a). Appellants failed to make a proper challenge to the Preliminary Report, so we need not determine whether the report meets the minimal *Scoresby* standard.

We reject appellants' argument that they were not required to file timely objections, and we conclude appellants waived all objections to the Preliminary Report. *See id.* Accordingly, we overrule appellants' three issues.[1]

---

[1] Both parties' briefs address whether Williams's claims are health care liability claims within the meaning of Chapter 74. That issue was not raised below, and the trial court has not had an opportunity to rule on it. We will not deprive the trial court of its authority to rule first on such an issue. *See Daughety v. Nat'l Ass'n of Homebuilders of U.S.*, 970 S.W.2d 178, 182 (Tex. App.—Dallas 1998, no pet.) ("Addressing matters not specifically presented to the trial court usurps the trial court's authority to evaluate and rule on issues before it and denies the appellate court the benefit of the trial court's decision.").

We affirm the trial court's order denying appellants' motion to dismiss.

/Ada Brown/
ADA BROWN
JUSTICE

140847F.P05